LoRING, J.,
delivered the opinion of the court:
The petitioner was an assistant quartermaster in the volunteer army with the rank of captain, and on the 5th of September, 1862, he was, by the direction of the President, dismissed from the army for being absent, without proper leave, from his command, while the army to which he belonged was fighting the enemy in the field. On the 13th of February, 1864, the order of dismissal was revoked, as made without cause and by mistake, and therefrom the petitioner served as an officer in the army until the 11th of June, 1864, when, on account of disability, incurred in the Red River campaign, he resigned. He has received his pay from the date of his commission until the date of the order of his dismissal, and from the revocation of that order to the date of his resignation. But his pay from the date of the order of his dismissal to the date of its revocation, though applied for, has been refused to him. And it is that pay, from the 5th of September, 1862, until the 13th of February, 1864, amounting to $2,344 50, which he claims in this suit.
When the order of dismissal was revoked, it was revoked from its inception, and altogether, because, from its nature, it was indivisible and could not operate for a term; for if it did, it would be in effect a suspension merely, and that was not intended, and is legally impossible; for though an officer may be suspended from his duty, he cannot be suspended from his office,, for that once vacant, can be filled again only, like any other vacancy, by a nomination by the President, confirmed by the Senate; and when a dismissal is without cause and by mistake, the reason for revoking it goes to the whole, and not to a part of it, and such is to be taken as the purpose- of the revocation.
If the dismissal was revoked from its inception, all its consequences were annulled, and the petitioner, on the facts shown, was an assistant quartermaster in the volunteer army with the rank of captain from the 5th of September, ,1862, to the 13th of February, 1864, and as such entitled to the pay and emoluments fixed by the law for that rank, which we find to be $2,344 5Q, and judgment is to be entered for the petitioner for that sum.